```
              UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
```

| | |
|---|---|
| David McGee, | : |
|     Plaintiff, | : |
| | : |
| and | : |
| | : |
| Frederick R. Reed, Leroy | : |
| W. Hughes, Alfonso Garcia, | : |
| James Anderson, Daniel | : |
| Muir, Donald Cross, Mark | :   File No. 1:04-CV-335 |
| D. Dunbar, | : |
|     Intervenor-Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Steven Gold, Keith Tallon, | : |
| Celeste Girrell, | : |
|     Defendants. | : |

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 7, 14, 33 and 37)

Plaintiff David McGee, proceeding *pro se*, brings this action claiming that 24-hour-a-day illumination of prison cells in Vermont state prisons has deprived him and others of their sleep.  McGee, currently incarcerated in Kentucky, alleges that this deprivation was a violation of his constitutional rights, requests declaratory and injunctive relief, and states that he is bringing the complaint as a class action.  The defendants have moved to dismiss (Paper 14), arguing that McGee's transfer to an out-of-state facility renders his claims moot, and that the complaint fails to meet the

requirements for class certification.  Also pending before the Court are McGee's motion for appointment of counsel (Paper 7), his motion for preliminary injunctive relief on the basis of inadequate access to legal materials (Paper 33), and a motion by McGee and inmate Byron Martin to join this case with a claim brought by Martin in a case that is currently pending in this Court (Paper 37).  For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, but that the case not be dismissed with respect to the intervenor-plaintiffs.  Because McGee's claims are dismissed, his motion for appointment of counsel and preliminary injunctive relief are DENIED as moot.  Finally, the Court will not consolidate this case with the case brought by Martin, but Martin is allowed to join the case as an intervenor-plaintiff.

## Factual Background

McGee purports to be bringing his claims on behalf of himself and "a minimum 700" other inmates incarcerated in two Vermont state prisons "whose cells are constantly illuminated."  (Paper 6 at 2).  The prisons at issue are the Southern State Correctional Facility ("SSCF") and the

Northern State Correctional Facility ("NSCF"). McGee claims that "[e]ach cell at NSCF and SSCF contains a built-in lighting fixture which contains either a 5-watt or 7-watt twin tube compact fluorescent light bulb which remains on 24-hours per day. These 24-hour lights are referred to as 'security lights.'" Id. at 7. McGee explains, based upon "the bulb manufacturer and an industrial products catalog," that "the 5-watt bulb produces the equivalent light (lumens) of a 25-watt incandescent bulb; the 7-watt bulb produces the equivalent light (lumens) of a 40-watt incandescent bulb." The security lights are located "within 3 ft. of the head of the top bunk occupant," but McGee reports that "[t]he light is equally bright in all parts of the cell . . . . The security light is so bright that the main cell lights are seldom voluntarily used." Id. at 8. McGee has allegedly tried to take remedial measures, including placing a cloth over his eyes and asking for sleep medication, but these efforts have not provided an adequate solution. Id. at 11-13.

McGee claims that exposure to constant light causes him "grave sleeping problems," including difficulty

falling asleep; restless sleep; frequent awakening during the night; severe headaches; painful eye strain; an increase in cold and flu-like symptoms; and exacerbation of his "existing depression, anxiety and bipolar disorders." Id. at 8-9.  He also "fears that exposure to constant illumination threatens to cause grave and imminent health problems in the future, including deadly hormone imbalances and certain types of cancer." Id. at 9.  In support of his claims of future harm, McGee references several medical and science journals for the proposition that constant exposure to light suppresses the body's production of melatonin, a hormone that assists in fighting off cancer. Id. at 10.  Ultimately, McGee concludes that "[t]he threat of harm from constant illumination is so severe it violates contemporary standards of decency and no person aware of the threat would willingly expose themselves to such a risk." Id. at 10-11.  McGee also argues that constant illumination is not justified by penological concerns, and cites five other Vermont correctional facilities where personnel allegedly "use flashlights, not constant illumination, to conduct checks of inmates." Id. at 14.

4

Discussion

I. Motion to Dismiss Standard

When considering a defendant's motion to dismiss, the Court must take all allegations in the complaint as true and draw all inferences in the plaintiff's favor. See Shakur v. Selsky, 391 F.2d 106, 112 (2d Cir. 2004). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (internal quotation marks omitted)). "Further, when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." Id. at 113 (quoting McEachin, 357 F.3d at 200 (internal quotation marks omitted)).

II. Mootness

The defendants' first argument in support of dismissal is that McGee's transfer to an out-of-state facility renders his claims moot. A case is deemed moot where the problem sought to be remedied has ceased, or

where there "is no reasonable expectation that the wrong will be repeated." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996).  Consequently, a transfer from a prison facility generally moots an action for injunctive and declaratory relief against the transferring facility because the inmate is no longer located there.  See Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) (holding that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility" and affirming district court's dismissal of claims for prospective injunctive and declaratory relief against defendants from transferor facility); Young v. Coughlin, 866 F.2d 567, 568 n.1 (2d Cir. 1989); Williams v. Goord, 142 F. Supp. 2d 416, 420 n.3 (S.D.N.Y. 2001); Graham v. Perez, 121 F. Supp. 2d 317, 325 (S.D.N.Y. 2000).

There is an exception to the mootness principle, however, for claims that are "capable of repetition, yet evad[e] review." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir. 2001) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) and Weinstein v.

6

Bradford, 423 U.S. 147, 149 (1975)). "The capable-of-repetition doctrine applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  Commer v. District Council 37, 2003 WL 21692816, at *5 (S.D.N.Y. July 21, 2003) (citing Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

 Here, McGee argues that the harm he allegedly suffered is capable of repetition.  In support of his claim, McGee notes that in eight years of incarceration, he has been transferred 10 times to different Vermont facilities.  In fact, McGee was transferred to SSCF twice in one nine month period.  He therefore concludes that "[w]ith Vermont DOC's penchant for randomly transferring inmates for 'population management' . . . Plaintiff will again find himself in a facility that exposes inmates to constant illumination before his [15 year] sentence is completed.'" (Paper 6 at 15).

While McGee's argument demonstrates that a transfer back to Vermont is possible, it falls short of showing a "reasonable expectation" that he will again be subjected to constant illumination while incarcerated. The fundamental flaw in McGee's claim is that, while based upon a pattern of transfers in the past, it is purely speculative. The Supreme Court has held that speculation about a re-transfer is insufficient to overcome the general mootness rule. See Preiser v. Newkirk, 422 U.S. 395, 403 (1975); Murphy v. Hunt, 455 U.S. 478, 482-83 (1982); see also Smith v. Dudley, 190 F.3d 852, 855 (8th Cir. 1995); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1995).

The facts of this case are much like those presented in Smith, where the plaintiff asserted that he had previously been transferred to the offending institution, and "being subject to the whims of the Iowa Department of Corrections, 'can return to [that institution] at any time.'" 190 F.3d at 855. While the magistrate judge accepted the plaintiff's argument, the Eight Circuit reversed, finding that "the mere possibility of transfer to another prison . . . is [not] sufficient to bring

8

Smith's claim within the narrow exception to the mootness doctrine." Id. (citing Preiser and Higgason). Consequently, this Court should conclude that McGee's speculation about future transfers does not qualify him for the mootness exception, and GRANT the defendants' motion to dismiss. However, McGee's claims should be dismissed without prejudice, such that if McGee is ever again subjected to 24-hour lighting while in state custody, he may present his claims to this Court at that time.

III.  Class Certification and Remaining Plaintiffs

McGee claims that he is bringing his complaint on his own behalf, and on behalf of the approximately 700 inmates at SSCF and NSCF. In addition, several other inmates have successfully intervened in this case claiming that they, too, have suffered harm as a result of constant illumination in Vermont prisons. The defendants did not object to the addition of the intervenor-plaintiff, but argue that this case does not meet the requirements of a class action.

In order to represent a class, a plaintiff must satisfy the requirements of Rule 23(a)(4) of the Federal

9

Rules of Civil Procedure by being able to "fairly and adequately protect the interests of the class."  "It is well settled in this circuit" that *pro se* plaintiffs, being untrained in the law, are unable to meet this requirement, and that "that *pro se* plaintiffs [therefore] cannot act as class representatives."  McLeod v. Crosson, 1989 WL 28416, at *1 (S.D.N.Y. Mar. 21, 1989); see also Phillips v. Tobin, 548 F.2d 408, 412- 15 (2d Cir. 1976). Graham v. Perez, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000).  Accordingly, neither McGee nor any of the intervenor-plaintiffs, all of whom are proceeding *pro se*, may bring an action on behalf of their fellow prisoners.

Furthermore, the Court has no evidence indicating that all of the 700 members of the purported class have suffered injury as a result of constant illumination in Vermont prisons.  Without such a showing, the Court is unable to determine whether "the class is so numerous that joinder of all members is impractical."  Fed. R. Civ. P. 23(a).  I therefore recommend that the Court not certify the complaint in this case as a class action.

Notwithstanding this recommendation, the case should not be dismissed in its entirety as there are still

intervenor-plaintiffs whose claims may have not been mooted by a prison transfer. Because the Court appears to have grounds for jurisdiction over the intervenor-plaintiffs' claims, those claims should survive the defendants' motion to dismiss. See Wright, Miller & Kane, 7C Federal Practice and Procedure § 1920, at 491 (2d ed. 1986).

IV. Remaining Motions

The remaining motions before the Court include McGee's motion for appointment of counsel (Paper 7) and his motion for preliminary injunctive relief on the basis of inadequate access to legal materials (Paper 33). In light of my recommendation that McGee be dismissed from the case, these motions are DENIED as moot.[1]

---

[1] The Court notes McGee's claim in his preliminary injunction motion that access to Vermont legal materials at the Kentucky facility is inadequate. Because no amount of legal research will alleviate McGee's mootness problem, the Court is not compelled to provide McGee his requested relief. The Court does, however, presume that the Vermont Department of Corrections has taken, or will take, appropriate action to ensure that its out-of-state inmates have access to legal materials in compliance with state directives and constitutional standards.
With respect to the motion for appointment of counsel, any remaining plaintiffs may themselves move for the appointment of counsel. Also, upon a showing that a class representative with a present case or controversy exists, and that the remaining requirements for a class

Also pending before the Court is a motion by McGee and inmate Byron Martin to join this case with another case currently being brought by Martin (Paper 37). In his affidavit in support of the motion, Martin explains that his other case consists of "6 different issues," and that he and McGee seek to "conjoin only one of those issues, being the 'lights' issue . . . ." (Paper 37 at 5). McGee's motion is less precise, asking that the two cases "be joined in one action . . ." Id. at 1. The defendants have interpreted the motion as one for consolidation of the two cases, and have opposed it on the grounds that Martin seeks additional relief in the form of punitive and compensatory damages, and that he has not exhausted his administrative remedies.

Both permissive joinder and case consolidation are matters over which trial courts have discretion. See Traveler's Indem. Co. of Connecticut v. Losco Group, Inc., 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (permissive joinder); Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993) (consolidation). A

---

action have been satisfied, the Court may revisit the request for class certification.

court considering consolidation must consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.), cert. denied, 498 U.S. 920 (1990) (citations omitted). A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a "'Pandora's box'" of discovery. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir.), cert. denied, 400 U.S. 878 (1970).

Here, the Court is reluctant to bring all of Martin's various claims into this single-issue lawsuit. Of course, Martin only requests that his lighting claim be joined with the current action. Therefore, the Court construes the motion brought by McGee and Martin as

simply a motion for permissive joinder or intervention of a party similar to that brought by the other intervenor-plaintiffs. To this extent the motion is GRANTED, and Martin will be added as a party based upon his claim of harm resulting from constant lighting in Vermont prisons. The Court will not, however, import Martin's other substantive claims, or his requests for relief beyond the injunctive and declaratory relief initially sought by McGee in this case. Insofar as the motion for permissive joinder requests either the addition of claims or demands for further relief, the motion is DENIED.[2]

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 14) be GRANTED, but that the case not be dismissed with respect to the intervenor-plaintiffs. Because McGee's claims are dismissed, his motions for appointment of counsel (Paper 7) and preliminary injunctive relief (Paper 33) are DENIED as moot. Finally, McGee's motion for permissive

---

[2] The defendants' contention that Martin has failed to exhaust his administrative remedies has not been fully argued in this case, and has not been decided in Martin's other pending action. Therefore, the Court will not address this issue at this time.

joinder, brought jointly by McGee and Byron Martin (Paper 37), is GRANTED in part and DENIED in part.  The Court will not consolidate this case with the case brought by Martin, but Martin will be added as an intervenor-plaintiff, pursuant to Fed. R. Civ. P. 24(b), seeking injunctive and declaratory relief with respect to the constant illumination claim.

    Dated at Burlington, in the District of Vermont, this 21st day of June, 2005.


                                    /s/ Jerome J. Niedermeier
                                    Jerome J. Niedermeier
                                    United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).