UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


DAVID MCGEE, JACOB SEXTON,              :
RICHARD PAHL, JOSE TORRES,              :
KEVIN KIMBER, DANIEL MUIR,              :
JAMES ANDERSON,                         :
                                        :
              Plaintiffs,               :
                                        :
                                        :
         v.                             :      No. 1:04-cv-335-jgm
                                        :
ANDREW PALLITO, Commisioner, Vermont    :
Department of Corrections, ROBERT       :
HOFMANN, KEITH TALLON, CELESTE GIRRELL, :
JOHN GORCZYK, KATHLEEN LANMAN, MICHAEL  :
O'MALLEY, ANITA CARBONNEL, STUART       :
GLADDING, DANIEL FLORENTINE, RAYMOND    :
FLUM, and CAROL CALLEA,                 :
                                        :
              Defendants.               :
_____ :


MEMORANDUM AND ORDER
(Doc. 295)

    Defendants move for summary judgment on individual damages

claims asserted by Plaintiffs.  (Doc. 295.)  Plaintiffs David

McGee and Kevin Kimber, both proceeding pro se, oppose the

motion.  (Docs. 296, 297.)  The motion is granted with respect to

Plaintiffs' individual federal claims for damages; Plaintiffs'

state law claim is dismissed without prejudice.

    In a December 20, 2010 Order (Doc. 288), this Court affirmed

and adopted the Magistrate Judge's Report and Recommendation

("R&R") granting Defendants' Motion for Summary Judgment (Doc.

238) on federal class claims for declaratory and injunctive

relief contained in a Second Amended Complaint (Doc. 195) filed by the Office of the Vermont Defender General, Prisoners' Rights Office.  The only claims remaining are Plaintiffs' individual damages claims, articulated in a pro se Amended Complaint (Doc. 99), for which Plaintiffs are not represented by counsel, and which the Court's December 20, 2010 Order declined to address absent a motion for summary judgment and the required notice to pro se litigants.

The facts relevant to this summary judgment motion are summarized in the parties' previous filings related to Defendants' Motion for Summary Judgment on the class claims (Doc. 238), which they expressly incorporate by reference in their pending summary judgment papers.

Defendants argue Plaintiffs' damages claims are barred by the law of the case.  Indeed, the law-of-the-case doctrine, a "judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided," while it "does not strip courts of their authority to revisit their previous decisions," is properly invoked where "parties had a 'full and fair' opportunity to litigate" the question being decided.  Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 219 (2d Cir. 2002).  Here, the R&R adopted by this Court determined Plaintiffs failed to demonstrate Vermont correctional facilities' night-time security lighting was sufficiently serious

to violate the Eighth Amendment, there lacked causation between security lighting and the Plaintiffs' alleged injuries, Defendants did not act with deliberate indifference, and the night-time security lighting was reasonably related to legitimate penological interests.  (Doc. 288.)  Mr. McGee's and Mr. Kimber's submissions do not present any new evidence or demonstrate any clear error or injustice that would alter the Court's determination that identical legal issues presented by the individual damages claims should be decided the same way.

Therefore, Defendants' Motion for Summary Judgment on the Plaintiffs' individual federal damages claims is GRANTED.  The Plaintiffs' pendant state law claim based on the Vermont State Constitution is DISMISSED without prejudice.

It is further certified that any appeal taken in forma pauperis would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of March, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge