UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MCGEE, JACOB SEXTON, RICHARD PAHL, JOSE TORRES, KEVIN KIMBER, DANIEL MUIR, JAMES ANDERSON, | : : : : : |
| Plaintiffs, | : : |
| v. | :  Docket No. 1:04-cv-335-jgm : |
| ANDREW PALLITO, Commissioner, Vermont Department of Corrections, ROBERT HOFMANN, KEITH TALLON, CELESTE GIRRELL, JOHN GORCZYK, KATHLEEN LANMAN, MICHAEL O'MALLEY, ANITA CARBONNEL, STUART GLADDING, DANIEL FLORENTINE, RAYMOND FLUM, AND CAROL CALLEA, | : : : : : : : : |
| Defendants. | : : |

## ORDER DENYING MOTION TO SUPPLEMENT RECORD
(Doc. 313)

The Court granted summary judgment in favor of the defendants, now appellees, in the prisoners' rights class action underlying this appeal on April 1, 2011. (Doc. 300.) A named class representative, Kevin Kimber, has appealed. Through pro bono counsel appointed for his appeal, he now moves to supplement the appellate record with additional documents, including: (1) a neurological report evaluating a named class representative, James Sexton; (2) a policy form establishing the criteria for issuing lower bunk passes; (3) emails by class counsel addressing various aspects of the case; and (4) a letter from opposing counsel to class counsel regarding the luminosity of the light bulbs in question. (Doc. 313-6 to Doc. 313-9.) These documents are not part of the appellate record under Federal Rule of Appellate Procedure 10(a)(1) because none of them were filed before this Court. Fed. R. App. P. 10(a)(1) (including in the appellate record "the original

papers and exhibits filed in the district court"). Because he challenges the adequacy of class counsel's representation, however, the appellant seeks to add them to the record. (Doc. 313 at 3-4.) The appellant also intends to rely on them in challenging this Court's grant of summary judgment. Id. The appellant originally sought permission to supplement from the Second Circuit, which ordered him to request permission from this Court first. (Doc. 311.)

The appellant's request to supplement the record is denied. Federal Rule of Appellate Procedure 10(e) "is not a device for presenting evidence to [an appellate court] that was not before the trial judge." Eng v. New York Hosp., 199 F.3d 1322, 1999 WL 980963, at *1 (2d Cir. Nov. 20, 1999). "The purpose of this rule is to correct omissions from–or misstatements in–the record on appeal, not to introduce new evidence in the court of appeals." Schreier v. Weight Watchers Ne. Region, Inc., 872 F. Supp. 1, 3 (E.D.N.Y. 1994), aff'd, 57 F.3d 1064 (2d Cir. 1995) (interpreting prior version of rule). Rule 10(e) only permits a district court to correct or modify the record under two circumstances, namely:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded .
> . . .

Rule 10(e) reserves "[a]ll other questions as to the form and content of the record . . . to the court of appeals." Fed. R. App. P. 10(e)(3).

Neither of the circumstances identified in Rule 10(e) apply here. There is no dispute about whether the record accurately reflects "what occurred in the district court." See United States v. Zichettello, 208 F.3d 72, 93-94 (2d Cir. 2000) (reviewing contemporaneous notes of district court judge and law clerk to resolve dispute over charge actually read to jury). The additional documents

2

also do not correct a misstatement or omission from the record as it was actually presented to this Court. Rather, the appellant faults class counsel for omitting these documents altogether. (Doc. 313 at 13.) However, "[d]ocuments that were not part of the official record when the district court made the ruling under review may not now become part of the record on appeal." Robinson v. Sanctuary Record Groups, Ltd., 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (citing cases). Instead of "clarifi[ng] . . . the process by which the [district court] reached the decision challenged on appeal," the additional documents would obscure that process with facts the Court never considered. Salinger v. Random House, Inc., 818 F.2d 252, 253-54 (2d Cir. 1987) (including copy of trial exhibit district court judge marked-up to illuminate the basis for his ruling).

Relying on United States v. Aulet, 618 F.2d 182 (2d Cir. 1980), the appellant contends that a district court may add documents to the appellate record where the adequacy of trial counsel is challenged. (Doc. 313 at 11-13.) Aulet addressed an ineffective assistance claim on direct appeal from a criminal conviction. Aulet, 618 F.2d at 185-86. The appellant asserted her trial counsel should have moved to suppress certain evidence admitted at the trial. Id. Over her objection, the Second Circuit permitted the government to include additional documents that made it clear trial counsel lacked a reasonable basis for doing so. Id. at 187-89. Had the appellant raised the issue below or in a collateral attack of her conviction, the government could have introduced these documents into evidence. Id. at 187. In contrast to Aulet, the adequacy of class counsel here was assessed below. See Doc. 188-1 at 11 (deeming class counsel qualified); Doc. 249 at 2 (denying motion for review of class counsel). Adding new evidence on appeal would obscure the basis for decisions under review. The Court is also unwilling to extend Aulet because it is an appellate decision. While Rule 10(e) permits a district court to add additional materials under specific circumstances, it provides appeals courts with more expansive authority. See Fed. R. App. P.

3

10(e)(3) (reserving all other questions to the court of appeals); Schreier, 872 F. Supp. at 4 (stating that "[w]hile Rule 10(e) enables district courts only to correct records for appeal, courts of appeals have authority to supplement a record on appeal").

For the foregoing reasons, the appellant's motion to supplement the record is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of January, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge