MANDATE

11-1430(L)
Kimber v. Tallon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1          At a stated term of the United States Court of Appeals
 2     for the Second Circuit, held at the Thurgood Marshall United
 3     States Courthouse, 40 Foley Square, in the City of New York,
 4     on the 26th day of February, two thousand fourteen.
 5
 6     PRESENT: DENNIS JACOBS,
 7              RAYMOND J. LOHIER, JR.,
 8              CHRISTOPHER F. DRONEY,
 9                       Circuit Judges.
10
11     - - - - - - - - - - - - - - - - - - - -X
12     KEVIN KIMBER,
13              Plaintiff-Appellant,
14
15              -v.-                                          11-1430(L)
16                                                            11-1554(Con)
17
18     KEITH TALLON, Superintendent, Southern
19     State Correctional Facility,
20     individually and in his official
21     capacity, CELESTE GIRRELL,
22     Superintendent, Northern State
23     Correctional Facility, individually
24     and in her official capacity, ROBERT
25     HOFMANN, JOHN GORCZYK, KATHLEEN
26     LANMAN, MICHAEL O'MALLEY, ANITA
27     CARBONELL, STUART GLADDING, DANIEL
28     FLORENTINE, RAYMOND FLUM, CAROL
```

MANDATE ISSUED ON 03/25/2014

```
CALLEA, ANDREW PALLITO, Commissioner,
Vermont Department of Corrections,
individually and in his official
capacity,
        Defendants-Appellees,

JACOB SEXTON, and all other inmates
similarly situated, RICHARD PAHL, and
all others similarly situated, JOSE
TORRES, and all others similarly
situated, DANIEL MUIR, and all others
similarly situated, JAMES ANDERSON,
and all others similarly situated,
DAVID MCGEE, and all other inmates
similarly situated,
        Plaintiffs.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            TIMOTHY W. HOOVER (William J.
                          Simon, on the brief), Phillips
                          Lytle LLP, Buffalo, New York.

FOR APPELLEES:            DAVID MCLEAN, on behalf of
                          William H. Sorrell, Attorney
                          General for the State of
                          Vermont, Waterbury, Vermont.
```

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED.**

Kimber, on behalf of a class of Vermont prisoners, appeals from the judgment of the United States District Court for the District of Vermont (Murtha, J.), granting summary judgment dismissing his claim that 24-hour security lighting in the cells violates the Eighth Amendment's prohibition against cruel and unusual treatment.  The

district court appointed the Prisoner Rights Office ("PRO") of the Vermont Defender General to serve as class counsel. Kimber, as a class representative, argues here (and in the district court) that the PRO's performance was deficient. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The state contests Kimber's standing to represent the class in this appeal because he is pro se and unable to understand the complex issues in the case. Generally, it is inappropriate for a pro se litigant to represent the interests of a class. See, e.g., Hagan v. Rogers, 570 F.3d 146, 158-59 (3d Cir. 2009). However, Kimber appears before us with counsel. The consequences of disallowing Kimber from challenging the PRO's representation are also troubling when the class counsel has abandoned any appeal and the class consists of inmates who may otherwise have trouble retaining counsel. We conclude Kimber has standing to raise the issues before us.

The state also argues that Kimber's appeal was mooted when he was released from incarceration. While release might moot Kimber's individual claim for injunctive relief, his release did not occur until after the class was certified, and "class certification will preserve an

1   otherwise moot claim." Comer v. Cisneros, 37 F.3d 775, 798
2   (2d Cir. 1994).  The state contends that the district court
3   erred in the initial certification of the class, since not
4   all of the named plaintiffs were subjected to 24-hour
5   security lighting at the time of certification.  The
6   district court properly concluded, however, that the
7   prisoners' claims are "inherently transitory," such that the
8   class certification relates back to the filing of the
9   complaint.  See Amador v. Andrews, 655 F.3d 89, 100-01 (2d
10  Cir. 2011); see also Muhammad v. N.Y.C. Dep't of Corr., 126
11  F.3d 119, 123 (2d Cir. 1997) (noting, in a prison conditions
12  case, that there is an exception to the mootness doctrine
13  "generally invoked to preserve a class action in which some
14  members of the class retain a cognizable interest in the
15  outcome after the claim of the named representative has
16  become moot").  As a result, the class claim is not moot.
17       We review a district court's appointment and
18  supervision of class counsel for abuse of discretion.  See
19  Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072,
20  1078-79 (2d Cir. 1995); Foe v. Cuomo, 892 F.2d 196, 198 (2d
21  Cir. 1989) ("[T]he question of whether the district judge
22  abused his discretion in supervising the counsel before him
23  must be considered in light of the judge's obligation to
24  insure that the plaintiff class is adequately represented

throughout the litigation."). In appointing the PRO, the district court failed to address the mandatory factors set forth in Fed. R. Civ. P. 23(g). The court therefore did not consider the PRO's inexperience litigating class actions or under the Federal Rules of Civil Procedure more generally (such as discovery requirements). Moreover, the court was aware at the time of appointment--and throughout the litigation below--that the PRO lacked the resources necessary to litigate this case properly. The PRO's deficiencies as class counsel became more apparent as it blew through filing deadlines, requested numerous filing extensions, and failed to communicate with the named plaintiffs.

   The PRO generously volunteered to take on this case after the earlier withdrawal of two other attorneys. However, its lack of resources and its inexperience in federal class actions are significant considerations. We recognize that the district court had few options, or none, but we must conclude that it abused its discretion in appointing and retaining the PRO as class counsel. We, therefore, vacate the judgment of the district court. On remand, the district court will consider an appropriate way forward. The law of the case doctrine does not foreclose any option to achieve this goal--including decertification

5

of the class or appointing new class counsel for the currently certified class.[1]

For the foregoing reasons, we hereby **VACATE AND REMAND** the judgment of the district court.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```

---

[1] We note that appointed counsel for appellants ... rgument a willingness to ... e the representation if this ... 's grant of summary ... his to the district court to

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit