UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MCGEE, JACOB SEXTON, : <br> RICHARD PAHL, JOSE TORRES, : <br> KEVIN KIMBER, DANIEL MUIR, : <br> JAMES ANDERSON, and all other : <br> inmates similarly situated, : <br>   : <br> Plaintiffs, : <br>   : <br> v.   : <br>   : <br> ANDREW PALLITO, Commissioner, : <br> Vermont Department of Corrections, : <br> ROBERT HOFMAN, KEITH TALLON, : <br> CELESTE GIRRELL, JOHN GORCZYK, : <br> KATHLEEN LANMAN, MICHAEL O'MALLEY, : <br> ANITA CARBONNEL, STUART GLADDING, : <br> DANIEL FLORENTINE, RAYMOND FLUM, : <br> and CAROL CALLEA, : <br>   : <br> Defendants. : <br>   : | Docket No. 1:04-cv-00335-jgm |

ORDER ON PROPOSED STIPULATED DISCOVERY SCHEDULE
(Doc. 327)

The parties have submitted a Proposed Stipulated Discovery Schedule.  (Doc. 327.)  Having reviewed the proposed discovery schedule, the Court notes it extends until April 2017, which appears excessive.  Class Counsel argues that an extended discovery period is warranted due to case complexity and other extraordinary circumstances.  (Doc. 327-1.)  Class Counsel plans to establish contact with named plaintiffs and locate presently unidentified class members in addition to communicating with experts.  (Id. at 3.)

The Court believes it is best to focus first on expert discovery to identify the conditions under which constant illumination causes injury.  The Proposed Discovery Schedule calls for the completion of non-expert depositions by June 30, 2016 and provides that Plaintiffs' expert witness

reports be completed by May 31, 2016 and Defendants' expert witness reports be completed by October 20, 2016.  Presumably if interviews of non-expert witnesses were postponed, expert witness reports could be completed within a few months.  In order to succeed on an Eighth Amendment constant illumination claim, Plaintiffs must show (1) the constant illumination in question poses a reasonable risk of serious damage to health, and (2) prison officials were deliberately indifferent to the risk.  See Holmes v. Grant, No. 03 Civ. 3426, 2006 WL 851753, at *12 (S.D.N.Y. Mar. 31, 2006).  Under what circumstances, if any, constant illumination by "5 watt compact fluorescent bulbs, 7-8 watt fluorescent bulbs, and 10 watt incandescent bulbs" causes injury is a class-wide issue.  (Doc. 276 at 2.)  Expert testimony is needed to answer this question.  If Plaintiffs cannot show on a class-wide basis that low-level constant illumination causes injury, Defendants may seek to decertify the class.  Furthermore, establishing through experts the circumstances under which low-level constant illumination can cause injury may narrow the class definition and result in more efficient discovery.  Cf. Chappell v. Mandeville, 706 F.3d 1052, 1058 (9th Cir. 2013) (granting prison officials qualified immunity because it is not clearly established law that constant illumination of a cell for a period of only seven days violates the Eighth Amendment).

   Since the class, as presently certified, is seeking injunctive relief, not damages, it is not altogether clear the "lengthy and extensive process" of "establishing and reestablishing contact with the named plaintiffs, as well as locating additional as-yet-unnamed class members" should be Class Counsel's top priority.  (Doc. 327-1, at 2.)  Individually examining many class members may not be consistent with class action treatment, though cases analyzing Eighth Amendment constant illumination claims may require such analysis.  See Quick v. Graham, No. 9:12 CV 1717, 2014 WL 4627108, at *9 (N.D.N.Y. Sept. 11, 2014) ("The decisions evaluating Eighth Amendment claims based on continuous lighting in the prison setting are very 'fact-driven,' turning on the degree of

illumination, the duration of the inmate's exposure, the extent of harm it causes, and the penological justification for the lighting."). Whether any one individual was injured and the extent of injury is more appropriately analyzed in separate actions for damages. The class-wide issue is whether low-level constant illumination generally violates prisoners' Eighth Amendment rights. A successful showing that constant illumination injured one class member may be sufficient to award an injunction. See Booker v. Maly, No. 9:12 CV 246, 2014 WL 1289579, at *6 n.12 (N.D.N.Y. Mar. 31, 2014) (noting in a prisoner's rights case that "if plaintiff were to succeed individually on his claim that the challenged rule was unconstitutionally vague, to the extent that plaintiff seeks injunctive relief, the ruling would affect all inmates, including those that plaintiff alleges form his 'class'"). But if Class Counsel plans to examine every class member individually, it is not clear why the class action device is necessary, as it would produce no efficiencies and be unnecessary to achieve the desired remedy.

In view of the Court's concerns as to how the case should proceed, a hearing on the Proposed Discovery Schedule will be held on December 11, 2014 at 11:30 a.m. (Doc. 328.) Class Counsel will participate by video conference from the Robert H. Jackson United States Courthouse in Buffalo, New York. Defendants' counsel will be present at the courthouse in Brattleboro, Vermont.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of December, 2014.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge