UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MCGEE, RICHARD PAHL, JOSE TORRES, KEVIN KIMBER, DANIEL MUIR, JAMES ANDERSON, and all other inmates similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LISA MENARD, Commissioner, Vermont Department of Corrections,[1] ROBERT HOFMAN, KEITH TALLON, CELESTE GIRRELL, JOHN GORCZYK, KATHLEEN LANMAN, MICHAEL O'MALLEY, ANITA CARBONNEL, STUART GLADDING, DANIEL FLORENTINE, RAYMOND FLUM, and CAROL CALLEA,<br><br>Defendants. | Case No. 5:04-cv-00335 |

**OPINION AND ORDER ON MOTION FOR QUARTERLY ACCOUNTING OF ATTORNEY FEES AND LITIGATION COSTS**
(Doc. 367)

In this class-action suit brought under 42 U.S.C. § 1983, Plaintiffs seek an injunction barring the Vermont Department of Corrections from continuing its policy of constant illumination in prison cells. (*See* Doc. 195.) Since the Second Circuit remanded this case, *Kimber v. Tallon*, 556 F. App'x 27 (2d Cir. 2014), the court has—among other things—appointed class counsel (Doc. 325), entered an Amended Joint/Stipulated Discovery Schedule/Order (Doc. 337), and denied Defendants' Motion to Decertify the Class (Doc. 362). On September 16, 2015, the court granted motions for appearance *pro hac vice* by two additional

---

[1] The court's records reflect that Commissioner Andrew Pallito was terminated as a party on December 20, 2010 pursuant to the court's December 20, 2010 Order granting summary judgment to Defendants (Doc. 288). However, since the judgment that followed was vacated and remanded in 2014, the court and the parties have presumed that the Commissioner has been reinstated as a party. The court notes that Lisa Menard has recently succeeded Pallito as Commissioner; she is substituted automatically under Fed. R. Civ. P. 25(d).

attorneys for Plaintiffs. (Doc. 366.) Discovery is now in progress. The discovery schedule contemplates an Early Neutral Evaluation (ENE) session, although the date for that session has not yet been set. (Doc. 337 at 2.)[2] Currently pending is Defendants' Motion for Quarterly Accounting of Attorney Fees and Litigation Costs. (Doc. 367.) For the reasons that follow, the Motion is DENIED.

Defendants say they are "continually attempting to evaluate their potential exposure in this matter," including the potential award of attorney's fees and litigation costs to Plaintiffs. (Doc. 367 at 1–2.) Defendants say that they cannot reasonably estimate the size of any such award. (*Id.* at 2.) Noting the *pro hac vice* appearances of two additional attorneys for Plaintiffs, Defendants say that they "would like to be able to track and predict the rate of increase in a potential attorney fee award in order to incorporate this figure into their assessment of risk going forward." (*Id.* at 2–3.)

Defendants "[a]ccordingly . . . seek a court order requiring Plaintiffs' counsel to report quarterly the amount of attorney fees and litigation expenses that have accrued to date." (*Id.* at 2.) Defendants insist that they do not seek a "detailed bill of costs" or any privileged information, but instead seek only a "simple report" stating "the approximate number of hours spent on the matter by each attorney with a corresponding dollar amount and an estimate of costs accrued." (*Id.*)[3] Plaintiffs oppose Defendants' Motion, arguing that it is unsupported by any authority and that Defendants have made an insufficient showing to obtain the order they seek. (Doc. 370 at 2–3.)[4]

In support of their Motion, Defendants assert that the Federal courts in Ohio routinely approve similar requests. (Doc. 367 at 2; Doc. 371 at 1.) Some courts have indeed entered orders requiring quarterly reports like the one Defendants seek. *See* Preliminary Pretrial Order,

---

[2] Prisoner cases are not subject to ENE under Local Rule 16.1, but at the December 11, 2014 hearing, the parties expressed willingness to participate in ENE and the court observed that ENE should be included in the discovery schedule. To advance the ENE process, the court requests that the ENE Administrator correspond with the parties regarding proposed evaluators.

[3] In their Reply, Defendants withdraw their request for an estimation of an hourly rate, asserting that they are willing to supply their own assessment of that figure. (Doc. 371 at 2 n.1.) Thus it appears that Defendants seek only a quarterly report of the approximate number of hours spent by each attorney.

[4] Plaintiffs also object to the Motion's request that the report indicate hours spent by each attorney, arguing that those details are privileged and confidential because they could be used to determine which of their firm's attorneys are working on or are primarily responsible for the case. (Doc. 370 at 6 n.5.) Because of its conclusion here, the court need not reach that issue.

*Payne v. Ohio Dep't of Health*, No. 2:14-cv-2169 (S.D. Ohio Mar. 23, 2015), ECF No. 10 (requiring plaintiff to provide defendant with a quarterly "statement showing the gross amount of attorney fees, costs, and other expenses incurred"); *Fair Hous. Advocates Ass'n v. Terrace Plaza Apartments*, No. 2:03-CV-563, 2007 WL 445477, at *4 (S.D. Ohio Feb. 6, 2007) (reciting Preliminary Pretrial Order directing plaintiffs' counsel to "quarterly report to defendants' counsel the number of hours of legal services rendered and the rate(s) at which those services are billed" in order "[t]o facilitate settlement evaluation"). It is unclear, however, whether such orders do in fact facilitate settlement evaluation, or whether there might be reasons that such orders do not appear to be common outside of Ohio.

In any case, no similar practice appears to be common in this District or in the Second Circuit. At best, it appears that periodic reports on fees are in some cases ordered for the benefit of the court rather than for the benefit of the opposing party. *See In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277 (S.D.N.Y. 2007) (noting that court had directed class counsel to submit quarterly reports, and concluding that the reports satisfied the court that counsel would fairly, adequately, and economically represent the interests of the class under Fed. R. Civ. P. 23(g)); *see also* Manual for Complex Litigation § 14.214 (4th ed.) ("Some judges require periodic reports in anticipation of an award at the end of the litigation (it may be necessary to submit some of the information under seal or *in camera*). This practice encourages lawyers to maintain records adequate *for the court's purposes* and enables *the court* to spot developing problems." (emphasis added)).

If some cases might warrant the kind of periodic reporting that Defendants seek, Defendants have not shown that this is one of them. The appearance of counsel *pro hac vice* does not make this case exceptional. Notably, the court ordered a discovery schedule with a shortened time frame in part out of a concern about attorneys' fees (*see* Doc. 331), and any fee application submitted by Plaintiffs will be examined for reasonableness, *see* 42 U.S.C. § 1988; Fed. R. Civ. P. 23(h). Moreover, periodic reporting is likely duplicative and unnecessary because the parties are required to discuss realistic estimates of costs and attorneys' fees at the ENE session. L.R. 16.1(i)(2).

## Conclusion

For the above reasons, Defendants' Motion for Quarterly Accounting of Attorney Fees and Litigation Costs (Doc. 367) is DENIED. The ENE Administrator is requested to correspond with the parties regarding proposed evaluators.

Dated at Rutland, in the District of Vermont, this 22 day of October, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court